### SIEBURG v. PADDELL et al.

(Supreme Court, Special Term, New York County. January, 1912.)

CONTEMPT (§ 21*)—DISCHARGE OF LIEN—UNAUTHORIZED ORDER.

> Under Lien Law (Consol. Laws 1909, c. 33) § 19, subd. 4, providing for a release of a lien on an undertaking in not less than the amount claimed in the notice of lien, an order discharging a mechanic's lien as to one of two lots upon which a single lien was docketed, on an undertaking in an amount less than the amount of lien against both parcels, is unauthorized; and hence the county clerk is not punishable as for contempt in failing to comply with the order.

> [Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 63–66; Dec. Dig. § 21.*]

Action by Charles Sieburg against Timothy F. Paddell and others. On motion to punish the county clerk as for contempt. Motion denied.

Shiland & Hedges, for the motion.
Everett V. Abbot, opposed.
Archibald R. Watson, Corp. Counsel, for the county clerk.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

GIEGERICH, J.    It sufficiently appears that it was impossible for the county clerk to comply with the order, because no such lien as therein directed to be discharged—i. e., against the premises No. 202 West Forty-Second street for $2,489.37—was ever docketed.   On the contrary, the papers show that one lien against two premises, viz., Nos. 200 and 202 West Forty-Second street, borough of Manhattan, city of New York, for $6,786.63, was docketed, and that in the order continuing the lien it was also treated as one lien.

The complaint in this action was demurred to upon the grounds, among others, of a misjoinder of parties defendant, because of the joinder of the owners of No. 202 West Forty-Second street with the owner of No. 200 West Forty-Second street in one action.   Mr. Justice Whitney, in overruling the demurrer, among other things, said:

"The contract for alterations and improvements, which was consented to by the owners of both parcels, was a single contract for a partial transformation of both parcels into one, and therefore there is but one single cause of action."

There was but one single lien, a blanket lien, docketed against both premises, no part of which could be released without the giving of an undertaking, pursuant to subdivision 4 of section 19 of the Lien Law (Consol. Laws 1909, c. 33), "in such sums as the court or a judge or a justice thereof may direct, *not less than the amount claimed in the notice of lien*, conditioned for the payment of any judgment which may be rendered against the property for the enforcement of the lien."   In Ford v. Bailey, 5 Month. Law Bul. 95, a motion was made for leave to file a bond to release a mechanic's lien from part of the premises which it covered, and it was held by Judge Van Brunt that such release could be had only by filing a bond to secure the whole lien.   It thus appears that the lien as to a portion of the property against which it is filed can only be discharged by the giving of an undertaking in a sum sufficient to embrace the entire lien.   An undertaking in the sum of $3,000 was directed to be given, in order to discharge the part of the premises sought to be released.   Since this is less than the amount of the lien on both parcels, the order directing the discharge of the lien against the one parcel above mentioned was unauthorized.

The motion to punish the county clerk is therefore denied.   No costs.   Order signed.